UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANGELINA Y. TALLEY o/b/o B.E.T, a minor, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>CAROLYN W. COLVIN Acting )<br>Commissioner of Social Security, )<br>)<br>Defendant. ) | No. 1:14-cv-01600-RLY-TAB |

**REPORT AND RECOMMENDATION
ON PLAINTIFF'S BRIEF IN SUPPORT OF APPEAL**

The parties appeared by counsel October 14, 2015, for oral argument on Plaintiff's appeal of her denial of disability benefits. Set forth below is the Court's oral ruling from the bench following that argument. As set forth below, the Magistrate Judge finds that the ALJ's decision is supported by substantial evidence and recommends that the decision be affirmed.

THE COURT: Okay. I will now give you my recommended decision in this case. I want to begin by noting that I am impressed with the ability of counsel on both sides to cite to portions of the record in support of their arguments. It is very helpful to me to be able to review the record as we go through these arguments and have you make not just an argument but an argument supported by a specific citation to the record. So I want you to know that is helpful and appreciated.

With respect to the outcome of this case, I would note that the Plaintiff in this case is Angela Talley, who brings this appeal on behalf of her minor child who, in the record, is referred to by the initials B.E.T.

Talley asserts two issues on appeal. The first issue is whether the ALJ failed to build

a logical bridge from the evidence to the conclusion that Plaintiff did not meet the criteria for Listing 112.11.  The second issue, although largely undeveloped, is whether the ALJ was required to summon a medical expert before concluding that the minor did not meet the criteria for Listing 112.11.

By way of background, Talley claims that her child has been under disability since July 1, 2011, due to recurrent ear infections with resulting hearing loss, a learning disorder, and attention deficit hyperactivity disorder also known as ADHD.  The ALJ held a hearing in September of 2013 and subsequently ruled against Plaintiff.

At step three of the ALJ's analysis, the ALJ concluded that the minor had a marked limitation in the domain of attending and completing tasks, less than a marked limitation in the domains of acquiring and using information, interacting, and relating with others in carrying herself and no limitation in the domains of moving about and manipulating objects and health and physical well-being.  In August 2014, the Appeals Council upheld the ALJ's decision and denied the request for review.  This appeal followed.

This Court must uphold the ALJ's decision if substantial evidence supports his findings.  *Terry v. Astrue*, 580 F.3d 471, 475 (7th Cir. 2009).  The ALJ is obligated to consider all relevant medical evidence; however, the ALJ need not mention every piece of evidence so long as he builds a logical bridge from the evidence to his conclusion.  *Pepper v. Colvin*, 712 F.3d 351, 362 (7th Cir. 2013).

Turning to the first and primary issue on appeal, the ALJ found that the minor's ADHD impairment did not meet or medically equal the criteria of Listing 112.11.  In order to show that the Plaintiff met or medically equaled the requirements for Listing 112.11 the Plaintiff must show that the requirements in both Paragraphs A and B of the listing are satisfied.

Paragraph A requires all three of the following:  Marked inattention, impulsiveness,

and hyperactivity. Paragraph B requires all three of these findings result in at least two of the appropriate age group criteria in Paragraph B2 of Listing 11.02. The ALJ found that the minor did not satisfy the Paragraph A criteria of marked inattention, marked impulsivity, and marked hyperactivity. [Record at 18].

Plaintiff argues that the ALJ failed to properly and thoroughly address the evidence under Listing 112.11. Plaintiff relies heavily on *Pena v. Barnhart*, 2002 WL 31527202 (N.D. Ill. 2002). However, that case is not binding precedent on this Court. Moreover, that case did not hold that Plaintiff met the requirements of Listing 112.11, but rather, only that greater elaboration was necessary. More importantly, *Pena* is distinguishable in that unlike in the case, here the ALJ identified this specific listing, identified the specific criteria for the listing, and discussed evidence relevant to those criteria. Thus, in this case, I find that the ALJ sufficiently articulated his rationale and that the decision is supported by substantial evidence.

While the record contains evidence that the minor child had significant impairments, the ALJ discussed this evidence and other evidence showing that Plaintiff failed to satisfy Listing 112.11. For example, the record shows B.E.T. underwent a psychological consultative examination with Steven Herman, Ph.D., in February 2012. [Record at 183-92], which the ALJ specifically referenced. [Record at 17, 19, and 20]. Dr. Herman observed that the minor's affect was appropriate and that she was bright, engaging, personable, and "quite polite." [Record at 184]. Although the child's attention and concentration were poor and she had difficulty persisting and timely completing tasks, Dr. Herman noted that the child had not taken her ADHD medication since approximately nine hours prior to the examination, which the ALJ specifically noted at pages 19 and 20 of the record.

In January 2012, a 504 planned conference committee at the minor's school met to

review her educational needs. [Record at 218-24]. The committee considered such things as that it took B.E.T. longer to transition and complete work and had difficulty with focus and staying on task. The committee found no basis to perform a special education evaluation despite these considerations. [Record at 219]. The ALJ expressly referenced this in his ruling at page 17. I believe those documents are identified in the record as Exhibit 8, F, pages 4-5.

In addition, teacher Sarah Clark completed a teacher questionnaire in February 2012, [Record at 132-39], which the ALJ referenced multiple times. [Record at 19, 21, and 24]. Clark advised that B.E.T.'s functioning improved with medications but that she did not take her medications on a regular basis. [Record at 138-39]. Clark stated that when taking the ADH medications, B.E.T. was able to focus in the classroom and work and play with others. The ALJ specifically discussed that Plaintiff performed better and was more stable when taking her medications. [Record at 20].

In February 2012, state agency reviewing psychologist Ken Lovko, Ph.D., opined that B.E.T.'s impairments did not meet, medically equal, or functionally equal any listed childhood impairment. [Record at 193-98]. The ALJ specifically discussed this opinion and assigned the state agency opinions great weight as generally consistent with the record evidence but actually modified the assessments to reflect greater limitations. [Record at 20].

April 2012 treatment records from primary care physician Frances Gray, MD, reflect that B.E.T. was doing better at school with ADHD medication. [Record at 208]. It is not entirely clear to me that this is referenced by the ALJ in his decision, but it is clear that this conclusion is not in dispute and, in fact, it is consistent with the testimony from the minor's parents. Dr. Gray's April 2013 records reflect reports of average to below average grades, difficulty sitting and, "controlling her mouth," and trouble focusing and following commands. [Record at 279]. However, Plaintiff advised that her child's teacher did not

have many complaints.  Dr. Gray noted that the child's ADHD was stable, and during a May 2013 visit with Dr. Gray, the minor child's father reported that her grades were good and that her ADHD was stable with medications.  [Record at 272].  The ALJ specifically referenced these facts in his opinion at pages 20 and 21.  B.E.T. testified that she liked school and her teachers, she had friends, and she did not get into trouble at school.  [Record at 19, 35, and 36].

When a Claimant contends that she has an impairment that meets or equals a listed impairment, the burden is on her to show how the impairment meets or equals all of the requirements of a listing.  See *Rice v. Barnhart*, 384 F.3d 363, 369 (7th Cir. 2004).  The ALJ found that the child's ADHD impairment did not meet or medically equal the criteria Listing 112.11.  [Record at 17-18].  The ALJ reasonably articulated and supported this finding, and Plaintiff's arguments to the contrary are unavailing.  Here the ALJ not only explicitly cited Listing 112.11 but also discussed its criteria and adequately explained why the criteria were not met in this case.  [Record at 18].

Plaintiff also asserts that the ALJ played doctor, but Plaintiff's argument is perfunctory and not well developed.  While an ALJ may not play doctor, the ALJ is not only allowed to but indeed must weigh the evidence and make appropriate inferences from the record.  Here the record was adequately developed, such that the ALJ did not require the services of a medical expert.  The ALJ reasonably relied upon the uncontradicted opinions of the state agency's psychological consultants who opined that the child's impairments did not meet, medically equal, or functionally equal any childhood listing.  [Record at 20].  In addition, the ALJ also considered the child's school records, her activities, her medical records, the teacher's questionnaire, and the reports and testimony of her parents.  Record at 18-28].  This evidence was sufficient to support the ALJ's findings without calling a medical expert.

For these reasons, the Magistrate Judge finds that the ALJ's decision is supported by substantial evidence and recommends that the decision be affirmed.

I will ask the court reporter to transcribe that portion of this recommended decision that reflects these findings. I will have that filed on the docket. Any objection to this recommended decision must be made within 14 days after that transcript is docketed. Thank you both for your arguments.

Date: 11/17/2015

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution to all counsel of record via CM/ECF.